CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 15, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **RAVEN BLACKHEART,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00505** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **J. HARRISON, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Raven Blackheart, a transgender inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against correctional officers at Keen Mountain Correctional Center and her former cellmate. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

## I.     Background

According to the amended complaint, Blackheart's cellmate drugged and sexually assaulted her and then proceeded to "brand [her] as his personal sex slave with a branding." Am. Compl., ECF No. 16, at 2. Blackheart claims that prison staff failed to properly investigate the incident. Although Investigator Cole and Investigator Squire "took photographic evidence of the sex slave brand" on her pelvic area, prison staff did not send her to the hospital for the collection and preservation of the "DNA in her pink panties." Id. at 3. Once the investigation was completed, Institutional Operations Manager J. Harrison sent Blackheart a letter indicating that there was insufficient evidence to confirm whether the alleged incident occurred. Id.; see also Compl. Ex., ECF No. 1-2 at 1.

When Blackheart filed an emergency grievance regarding the matter, Nurse Smith advised her that she had been placed on the sick call list. Am. Compl. at 3. Blackheart alleges that this violated the operating procedure on "evidence collection & preservation" and that she "argued with staff that if they would have followed procedure & done a rape kit or DNA testing on the semen in her panties then they would have had enough evidence." Id. at 2–3. Blackheart also "argued with the facility" that the touching and branding of her pelvic area by her former cellmate violated the Prison Rape Elimination Act (PREA) and her constitutional rights. Id. at 3.

In addition to being physically examined following the incident, Blackheart "had labs done for HIV" and other sexually transmitted diseases. Compl. Ex., ECF No. 1-4 at 4. When Blackheart filed a written complaint requesting the test results, a staff member informed her that the prison doctor had advised that the "labs were within normal limits" and that Blackheart could submit a request for copies of the results. Id.

After utilizing the institutional grievance process, Blackheart filed this action under 42 U.S.C. § 1983 against her former cellmate, Nurse Smith, Investigator Cole, Investigator Squire, J. Harrison, and the Warden of Keen Mountain Correctional Center. Id. at 1. In addition to monetary damages, Blackheart seeks to have the branding removed and requests that criminal charges be filed against each defendant. Id. at 4.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state

2

a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "[D]istrict courts are not the legal advocates of pro se litigants," Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026), and a complaint filed without counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.    Discussion

Blackheart filed suit under 42 U.S.C. § 1983, which imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48

3

(1988). Having reviewed the amended complaint, the court concludes that it fails to state a viable claim for relief under § 1983 against any of the named defendants.

As in initial matter, Blackheart has not alleged facts from which the court could reasonably infer that her former cellmate acted "under color of state law" as required by § 1983. Id. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). As other courts have recognized, an inmate involved in an altercation or incident with another inmate "is not a person acting under color of state law." Duvall v. Anderson, 4:12-cv-00193, 2012 U.S. Dist. LEXIS 205496, at *3 (N.D. Tex. Apr. 13, 2012). And to the extent Blackheart alleges that her cellmate's conduct violated the PREA, courts have uniformly held that "the PREA does not establish a private cause of action for allegations of prison rape." Krieg v. Steele, 599 F. App'x 231, 232 (5th Cir. 2015) (collecting cases); see also Kalu v. Spaulding, 113 F.4th 311, 333–34 (3d Cir. 2024) ("While the Act established several mechanisms to tackle the issue of sexual abuse in prisons, it did not create a cause of action . . . . ").

To the extent Blackheart alleges that prison officials violated her constitutional rights by failing to properly investigate her allegations against her former cellmate, such claim is also subject to dismissal. "There is no statutory or common law right, much less a constitutional right, to an investigation," Mitchell v. McNeil, 487 F.3d 374, 378–39 (6th Cir. 2007), and a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) ("Geiger does not have a federally protected liberty interest in

4

having . . . grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.").

Blackheart's allegations also fail to state a cognizable violation of the Eighth Amendment. Although "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society, . . . [i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Instead, "a prison official violates the Eighth Amendment only when two requirements are met." Id. "First, the inmate 'must establish a serious deprivation of [the inmate's] rights in the form of a serious or significant physical or emotional injury,' or a substantial risk thereof." Raynor v. Pugh, 817 F.3d 123, 127 (4th Cir. 2016) (quoting Danser v. Stansberry, 772 F.3d 340, 346–47 (4th Cir. 2014)). Second, an inmate must demonstrate that prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 837. "A plaintiff establishes 'deliberate indifference" by showing that the prison official knew of and disregarded an excessive risk to inmate health or safety." Danser, 772 F.3d at 347 (internal quotation marks and alteration omitted). This is a "very high standard" that is not met by a showing of mere negligence. Ford v. Hooks, 108 F.4th 224, 230 (4th Cir. 2024) (internal quotation marks omitted).

Here, while the allegations in the amended complaint may be sufficient to satisfy the first element of an Eighth Amendment claim, the pleading is devoid of facts from which the court could reasonably infer that any defendant acted with deliberate indifference. To the

5

extent Blackheart seeks to hold any of the prison officials liable for the assault by her cellmate, there are <u>no</u> factual allegations suggesting that any correctional defendant "had actual knowledge of an excessive risk to [her] safety." <u>Danser</u> 772 F.3d at 347; <u>see also</u> <u>id.</u> (emphasizing that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference") (quoting <u>Farmer</u>, 511 U.S. at 837). And the Supreme Court has made clear that "'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." <u>Id.</u> (quoting <u>Farmer</u>, 511 U.S. at 838).

Additionally, Blackheart acknowledges that she was physically examined following the incident, that she underwent testing for HIV and other sexually transmitted diseases, and that she had access to sick call. While Blackheart contends that she should have been taken to the hospital for DNA testing or other means of evidence collection that would have revealed her cellmate's semen, she has not plausibly alleged that any defendant acted with deliberate indifference to a serious medical need. As noted above, "mere negligence or medical malpractice does not constitute deliberate indifference," and "an inmate's mere disagreement regarding the proper course of treatment provides no[] basis for relief" under § 1983. <u>Lyles v. Stirling</u>, 844 F. App'x 651, 654 (4th Cir. 2021) (citing <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014)).

Finally, to the extent Blackheart seeks to hold the Warden liable under § 1983 based on his or her supervisory position, "[i]t is well settled that there can be no supervisory liability when there is no underlying violation of the Constitution." <u>Phillips v. Bailey</u>, 337 F. Supp. 2d 804, 807 (W.D. Va. 2004) (collecting cases).

## IV.    Conclusion

For these reasons, the court concludes that Blackheart's amended complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, the court will dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: May 15, 2026

Michael F. Urbanski
U.S. District Judge
2026.05.15
16:26:57 -04'00'

Michael F. Urbanski
Senior United States District Judge