CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 04, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Raven Blackheart, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 7:24-cv-00505 |
| R/N Smith *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raven Blackheart, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, complaining that another inmate sexually assaulted and branded her and that prison officials' responses to the claimed assault were inadequate. This matter is before the court on Blackheart's motion to reopen the case, (Dkt. 23), in light of a proffered second amended complaint, (Dkt. 26). Blackheart submitted the proposed second amended complaint after the court dismissed without prejudice the claims asserted in Blackheart's amended complaint. (Dkts. 21, 22.) The court explained its reasoning for dismissal in the Memorandum Opinion at Dkt. 21.

Blackheart does not suggest that the court made any errors in the Memorandum Opinion, and the proffered second amended complaint mainly reiterates the allegations made in the amended complaint. Specifically, Blackheart seeks relief against the other inmate, Defendant Taylor Yarington, for the assault. (Dkt. 26.) As the court previously explained, a claim under § 1983 must be asserted against a defendant who is acting "under color of state

law." (Dkt. 21 at 3–4.) A private individual does not act under color of state law, no matter how wrongful his actions may be, because the private individual is not a state actor and is thus not "clothed with the authority of state law." *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotations and citations omitted)); *Burnett v. SCDC*, No. C.A. 0:10-2369, 2010 WL 5300851, at *3 (D.S.C. Nov. 29, 2010), *adopted by* No. C.A. 0:10-2369, 2010 WL 5300846 (D.S.C. Dec. 20, 2010) (holding that an inmate who attacks a fellow inmate cannot be held liable under § 1983). Therefore, Blackheart cannot assert a viable § 1983 claim against another inmate. Blackheart may have viable other claims that could be asserted against an assailant, such as criminal charges or a state law claim of battery, but she cannot maintain a claim against another inmate under § 1983. Accordingly, the second amended complaint's allegations against Yarington do not provide a basis for re-opening this action.

The second amended complaint further complains that Defendants Investigator Squire, Investigator Cole, and R/N Smith inadequately investigated her claims. (Dkt. 26.) This does not state a viable § 1983 claim for the reasons explained in Dkt. 21 at 4–5. Blackheart does not allege additional facts in the second amended complaint that would warrant further development of this claim.

The proffered second amended complaint also asserts more specifically that R/N Smith refused to collect DNA evidence and made cruel remarks about Blackheart being transgender. (Dkt. 26 at 5.) These facts also do not support a viable claim. As explained in the court's Memorandum Opinion at Dkt. 21 at 4, there is no private right of action under the

PREA, and thus no foundation for asserting a violation of federal law under § 1983. Further, even if the court were to assume that prison policies were violated (no such violations are specified in the second amended complaint), any such violations would not suffice to establish a violation of constitutional or federal law. *Watkins v. Davis*, No. 5:21-CT-3178, 2021 WL 6010350, at *3 (E.D.N.C. Dec. 20, 2021) ("[A] prison-policy violation that does not result in a constitutional violation does not create a viable claim under section 1983"). Further, no "constitutional entitlement to a rape kit" exists. *Woods v. Dull*, No. 7:22-cv-00477, 2023 WL 6218282, at *3–4 (W.D. Va. Sep. 25, 2023) (collecting authority including *Johnson v. Ruiz*, No. 3:11-cv-542, 2012 WL 90159, at *3 (D. Conn. Jan. 10, 2012) ("Research has revealed no constitutional or statutory requirement that a rape test kit be used on an alleged rape victim.")).

Finally, a viable § 1983 claim is not established by allegations of verbal abuse. *Blankenship v. Light*, Civil Action No. 7:26-cv-00031, 2026 WL 1004804, at *2 (W.D. Va. Apr. 14, 2026) (noting that "district courts in this circuit have repeatedly held that, while inappropriate and unprofessional, allegations consisting of only verbal abuse or harassment by corrections officers do not rise to the level of a constitutional violation"). Therefore, the second amended complaint's allegations against Smith do not provide a basis for reopening this action.

Because Blackheart has not alleged a plausible claim of entitlement to relief, the court cannot order any of the specific relief sought by Blackheart. The court notes that its dismissal of the action was without prejudice, meaning that Blackheart remains free to file another separate action asserting any viable claims and/or different causes of action, such as any applicable failure to protect claim. Blackheart is cautioned, however, that limitations periods

(the deadlines for filing a claim) continue to run.

Accordingly, the court **DENIES** Blackheart's request to reopen this action. (Dkt. 23.) The court also **DENIES** Blackheart's motion for the appointment of counsel as moot as this action will remain closed. (Dkt. 25.)

The Clerk is **DIRECTED t**o send a copy of this Memorandum Opinion and Order to Blackheart.

**ENTERED** this 4th day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE